# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SHARPE** | : | **CRIMINAL NO. 02-771** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                    **June 22, 2010**

In his *pro se* "independent action" brought under Fed. R. Civ. P. 60(d)(1), Michael Sharpe, a federal prisoner, requests that his sentence be vacated for reasons that he raised in a prior motion brought under 28 U.S.C. § 2255. The government opposes Sharpe's motion, arguing that Fed. R. Civ. P. 60 is an inappropriate vehicle to set aside a criminal conviction or sentence, and the motion is actually a "second or successive" habeas petition. Sharpe, in his Traverse, asserts that Rule 60(d)(1) does provide a remedy to prevent a grave miscarriage of justice where there is no other remedy at law.

Although Sharpe's present filing is characterized as an independent action under Rule 60(d)(1), it is actually a successive habeas petition that was filed without the approval of the Third Circuit Court of Appeals. Therefore, this action will be transferred to the Third Circuit.

## Procedural History

On October 29, 2003, a jury found Sharpe guilty of conspiracy to commit robbery and receiving stolen firearms. Before he was sentenced, he was charged in a second indictment with assaulting a federal officer in connection with his arrest on the charges that resulted in the jury verdict. He was later charged in an information with carrying a firearm

in connection with a crime of violence.

On June 30, 2004, pursuant to a plea agreement under Fed. R. Crim. P. 12(c)(1)(c), Sharpe entered a guilty plea to the charges in both the second indictment and the information. The parties agreed that an aggregate custodial sentence of 144 months was an appropriate sentence covering all three cases. As part of the plea agreement, Sharpe waived his appellate rights, including the right to bring a collateral attack under § 2255.

On November 5, 2004, Sharpe was sentenced to the agreed upon sentence of 144 months imprisonment. He did not appeal his conviction or sentence to the Third Circuit Court of Appeals.

Sharpe filed a *pro se* motion under 28 U.S.C. § 2255 on April 30, 2007. In his § 2255 motion, Sharpe attacked his counsel's ineffectiveness in exploring and investigating possible defenses, and in failing to recognize his diminished capacity to enter into an informed guilty plea. He also asserted claims of prosecutorial and judicial misconduct. Lastly, he claimed that he was innocent on the assault charge because the arresting officers were not federal agents and he acted in self defense.

On October 30, 2007, his § 2255 motion was denied. His present contention that his § 2255 claims were never ruled upon because prison officials prevented him from timely filing his § 2255 motion is incorrect. On the contrary, his §2255 claims were considered on the merits even though his § 2255 motion was untimely. Mem. Op., Oct. 30, 2007.

On October 6, 2008, the Third Circuit denied Sharpe's request for a certificate of appealability. His petition for rehearing *en banc* was denied two months later. The United States Supreme Court denied his request for a writ of certiorari on April 29, 2009.

Rehearing was denied on July 27, 2009.

On November 16, 2009, Sharpe filed this *pro se* motion under Fed R. Civ. P. 60(d)(1).

## Successive Habeas Petition

Rule 60(d)(1) permits the court to "entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(d)(1). Because a Rule 60 independent action is an equitable one, the proponent must show a meritorious claim or defense. Furthermore, relief under Rule 60(d) is reserved for the rare and exceptional case where a failure to act would result in a miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 42-46 (1998).

Rule 60 may not be used to challenge once again the movant's underlying conviction after his habeas petition attacking the same conviction has been denied. Like a Rule 60(b) motion, one brought under Rule 60(d) may not be used as a substitute for appeal. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) (citations omitted); *Kettle v. U.S.*, No. CR. 87-50067-RHB, 2009 WL 2207184, *1 (D.S.D. July 22, 2009) (citations omitted).

An independent action brought under Rule 60(d) is generally treated the same as a motion under Rule 60(b). *Nevada VTN v. General Insurance Co. of America*, 834 F.2d 770, 775 (9th Cir. 1987). For purposes of applying the "second or successive petition" rule, there is no difference between Rule 60(b) and 60(d). In other words, a petitioner cannot relitigate the merits of his habeas petition under the guise of a Rule 60(d) motion.

We must first determine whether the motion is actually another habeas petition. Because Rule 60(b) and 60(d) are similar, we perform the same analysis we use with

respect to a Rule 60(b) motion. *See Blackwell v. United States*, No. 4:99-CV-1687, 2009 WL 3334895, *7 (E.D. Mo. Oct. 14, 2009).

Where the motion is a second habeas petition, the petitioner must seek approval from the Court of Appeals because the district court lacks subject matter jurisdiction. *Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir. 2005). Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A).

A determination whether the Rule 60(b) motion is a "second or successive" habeas petition turns on whether the petitioner is attempting to relitigate the merits of his earlier habeas petition or underlying conviction, or is attacking the "manner in which the habeas judgment was procured . . . ." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Where the motion is a renewed argument of issues decided in a previous habeas action, it is successive. *Id*. Where it challenges the integrity of the habeas proceedings, it is not a successive petition and may be considered. *Id*. Thus, the distinction is between an impermissible substantive attack on the underlying conviction and a permissible structural attack on the habeas proceeding itself. *Id*.

To avoid the bar against a "second or successive" petition, a petitioner may not couch his claims of error in the language of a Rule 60(b) motion for relief from judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). It is what he contends, not how he characterizes his motion, that controls. Hence, we must look beyond the label and examine the contents of the motion to determine what the petitioner actually challenges.

Sharpe's Rule 60(d)(1) motion is a successive § 2255 habeas petition that cannot be filed without Third Circuit authorization. In his motion seeking to have his sentence

vacated, Sharpe does not challenge the procedures surrounding disposition of his original habeas petition. Rather, he is challenging his sentence and guilty plea, asserting essentially the same arguments he had raised in his § 2255 habeas petition. Therefore, the Rule 60(d) motion will be transferred to the Third Circuit.